# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No.  05-cv-01269-REB-PAC

VINCENT JAMES GRANDI, JR., as an individual and on behalf of his minor daughter and son,
VINCENT JAMES GRANDI, II, as an individual,
MARIA L. GRANDI, as an individual,
VANESSA L. GRANDI, a minor,
MATTHEW L. GRANDI, a minor,
DONNA NIKANDER, as an individual, and
OLLIE NIKANDER, as an individual

      Plaintiffs,

v.

MARION CAMDEN, Psy.D., as an individual and in professional capacity as a custody evaluator,
ANNE FLANIGAN, Psy.D., as an individual and in professional capacity as a treating psychologist,
ERIN McCARTHY, a/k/a GRANDI, a/k/a POIRIER, as an individual, and
GERRY POIRIER, as an individual,

      Defendants.

## ORDER RE: MOTIONS TO DISMISS AND
## ORDER TO SHOW CAUSE

**Blackburn, J.**

The matters before me are (1) Defendant Anne Flanigan's Motion to Dismiss [#10], filed August 17, 2005; and (2) Dr. Camden's Motion to Dismiss [#12], filed August 17, 2005.  Although I putatively have jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction), I conclude that federal subject matter jurisdiction is lacking in this case, and therefore grant the motions to dismiss.  I also order plaintiffs' counsel to show cause why sanctions should not be

imposed against him pursuant to Fed.R.Civ.P. 11(b)(2).

Plaintiff Vincent Grandi, Jr. was divorced from defendant Erin McCarthy on August 27, 2004. The couple have four adopted children. During the divorce proceedings, McCarthy filed a motion with the court seeking to remove the couple's minor son, Matthew, to Canada, where she was then residing. Defendant Dr. Marion Camden was appointed by the court to serve as a custody evaluator. On January 26, 2004, Dr. Camden sent a report to the judge recommending that Matthew be permitted to live with his mother and that contact between Matthew and the rest of his family be supervised. The report allegedly was based, in part, on information provided by defendant Dr. Anne Flanigan, Matthew's treating psychologist. The court ordered Matthew's immediate removal to Canada and required that Grandi have no contact with Matthew until March 1, 2004, after which he was allowed phone contact supervised by a child therapist. Seven months later, the court issued permanent orders which allow Matthew to live with Grandi during the school year.

In this lawsuit, plaintiffs allege causes of action under sections 1983 and 1985, as well as state law claims for breach of contract, breach of fiduciary duty, civil conspiracy, outrageous conduct, and malpractice. Drs. Camden and Flanigan seek to dismiss these claims both for lack of subject matter jurisdiction and for failure to state claims on which relief may be granted.[1] However, because a federal court must always first assure itself of its own jurisdiction before ruling on substantive matters, I will consider the jurisdictional arguments first. *See In re Franklin Savings Corp.*, 385

---

[1] Defendants McCarthy and Poirier have not yet been served.

F.3d 1279, 1286 & n.6 (10th Cir. 2004).

Defendants' jurisdictional arguments implicate the **Rooker-Feldman** doctrine, so named for the two seminal U.S. Supreme Court cases that first described its contours. **District of Columbia Court of Appeals v. Feldman**, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); **Rooker v. Fidelity Trust Co.**, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The doctrine has its roots in 28 U.S.C. § 1257(a), pursuant to which "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari." Implicit in this grant of jurisdiction is the denial of authority to lower federal courts to review state court judgments. **See Rooker**, 44 S.Ct. at 150.[2] Simply stated, **Rooker-Feldman** constrains "a party losing in state court . . . from seeking what in substance would be appellate review of [a] state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." **Johnson v. De Grandy**, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 2654, 129 L.Ed.2d 775 (1994).

The doctrine applies both to claims that were actually decided by the state court and to claims that are "inextricably intertwined" with the state court judgment. **See Kenmen Engineering v. City of Union**, 314 F.3d 468, 473 (10th Cir. 2002). To determine whether a claim is inextricably intertwined with the state court judgment,

---

[2] This limitation on federal subject matter jurisdiction applies to all state court judgments, by whatever court issued, whether temporary or final. **Kenmen Engineering v. City of Union**, 314 F.3d 468, 473-75 (10th Cir. 2002)

3

> in general we must ask whether the injury alleged by the
> federal plaintiff resulted from the state court judgment itself
> or is distinct from that judgment. Three related concepts –
> injury, causation, and redressability – inform this analysis.
> In other words, we approach the question by asking whether
> the state-court judgment *caused*, actually and proximately,
> the *injury* for which the federal-court plaintiff seeks *redress*.

*Id*. at 476 (footnote, internal quotation marks, and citations omitted; emphases in original). The analysis should focus on the relief sought, not merely the issues raised. ***Crutchfield v. Countrywide Home Loans & Mortgage Electronic Registration Systems***, 389 F.3d 1144, 1148 (10th Cir. 2004); ***Kenmen Engineering***, 314 F.3d at 476.

Despite plaintiffs' ardent protestations to the contrary, the ***Rooker-Feldman*** doctrine clearly bars the claims sought to be prosecuted in this lawsuit. Plaintiffs seek monetary damages attributable to defendants' alleged misrepresentations and omissions regarding their family situation and Grandi's and McCarthy's respective capabilities as parents. However, the allegedly fallacious report of which plaintiffs complain was not injurious *per se*. Indeed, if the state court had not relied on the report in making its custody determination, plaintiffs would not have been injured at all. It is only within the context of the court order allowing Matthew's removal to Canada that defendants' actions give rise to the violations asserted in this lawsuit. In other words, plaintiffs' "federal claim succeeds only to the extent that the state court wrongly decided the issues before it." ***Pennzoil Co. v. Texaco, Inc.***, 481 U.S. 1, 25, 107 S.Ct. 1519, 1533, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring). I therefore conclude that the state court judgment caused, actually and proximately, the alleged injury for which plaintiffs

here seek redress.  Federal subject matter jurisdiction therefore is lacking.

Plaintiffs' argument that the Supreme Court's recent decision in ***Exxon Mobil Corp. v. Saudi Basic Industries Corp.***, – U.S. –, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), alters the landscape wrought by this well-established line of authority is thoroughly contrived and unconvincing.  In ***Exxon Mobil Corp.***, the Court simply held that the ***Rooker-Feldman*** doctrine did not apply to a situation involving parallel state and federal court proceedings.  ***See id.***, 125 S.Ct. at 1526 ("When there is parallel state and federal litigation, *Rooker-Feldman* is not triggered simply by the entry of judgment in the state court. . . .[N]either *Rooker* nor *Feldman* supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remains *sub judice* in a federal court.").  What ***Exxon Mobil Corp.*** did not do is alter that core of cases as to which the ***Rooker-Feldman*** doctrine continues to be viable:

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

***Id***. at 1521-22.  Plaintiffs' claims in this lawsuit fall squarely within this heartland of cases that ***Rooker-Feldman*** was intended to address.

For these reasons, defendants' motions to dismiss should be granted insofar as

they are premised on the lack of federal subject matter jurisdiction over this case.[3]  I also will exercise my discretion to decline to retain jurisdiction over plaintiffs' supplemental state law claims now that all claims over which I might have original jurisdiction have been dismissed.  ***United States v. Botefuhr***, 309 F.3d 1263, 1273 (10th Cir. 2002).

However, although this resolution may be satisfactory to defendants, it is not entirely so to the court.  This case is the third in less than a year that plaintiffs' counsel has brought before me alleging similar causes of action against various participants in prior state court marital and custody proceedings.  ***See also Samora v. Fyfe***, Civil Action No. 04-cv-00994-REB-MJW,[4] ***and Goodbinder v. Litvak, Litvak, Mehrtens & Epstein, P.C. et al.***, Civil Action No. 05-cv-01065-REB-PAC.  All of these cases have been dismissed on Rule 12(b) motions.  Neither ***Samora*** nor this case presented even a colorable claim of federal subject matter jurisdiction.  Likewise, ***Goodbinder***, although dismissed not on jurisdictional grounds but under Rule 12(b)(6), was one of the more feckless suits I have seen in some time.  (***See Goodbinder***, Civil Action No. 05-cv-01065-REB-PAC, Order Re: Motions to Dismiss at 5 [#–], filed September –, 2005) (noting that filing suit against judge despite admission that there was no evidence to overcome absolute judicial immunity was "a quintessential violation of Rule

---

[3]  A dismissal pursuant to the ***Rooker-Feldman*** doctrine is not a decision on the merits and therefore must be without prejudice.  ***See Atkinson-Bird v. Utah, Division of Child and Family Services***, 2004 WL 267754 at *2 (10th Cir. Feb. 13, 2004).

[4]  Although I denied one defendant's motion for sanctions in ***Samora***, I did so because the defendant relied on an argument, not addressed by my order, claiming entitlement to absolute immunity.  I did not address whether the case warranted sanctions on the basis of its lack of merit under the ***Rooker-Feldman*** doctrine.

11").

Although I did not impose sanctions in those earlier cases, I believe the time has come for counsel to explain himself. I perceive no principled basis on which to distinguish this case from **Samora**. As noted above, the **Exxon Mobile Corp.** decision provides no justifiable reason to think otherwise. It therefore appears to me that counsel has filed the present lawsuit without a good faith belief that plaintiffs' claims and legal arguments are "warranted by existing law or a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." *See* **FED.R.CIV.P.** 11(b)(2). I therefore will exercise my prerogative to direct plaintiff's counsel to proffer a written submission to show cause why he has not violated Rule 11(b)(2).

**THEREFORE, IT IS ORDERED** as follows:

(1) That Defendant Anne Flanigan's Motion to Dismiss [#10], filed August 17, 2005, is **GRANTED** to the extent that it seeks dismissal based on lack of subject matter jurisdiction and asks the court to refuse to exercise supplemental jurisdiction over plaintiffs' state law claims;

(2) That Dr. Camden's Motion to Dismiss [#12], filed August 17, 2005, is likewise **GRANTED** to the extent that it seeks dismissal based on lack of subject matter jurisdiction;

(3) That in all other respects, the motions are **DENIED**;

(4) That plaintiffs' claims against Flanigan and Camden are **DISMISSED WITHOUT PREJUDICE**; and

(5) That plaintiffs' counsel is hereby **ORDERED TO SHOW CAUSE** in writing why he should not be sanctioned for filing this lawsuit ostensibly in violation of Fed.R.Civ.P. 11. Counsel's written response to this order **SHALL BE FILED** by no later than close of business on **Monday, October 31, 2005**.

Dated October 4, 2005, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge