# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 05-cv-01269-REB-PAC

VINCENT JAMES GRANDI, JR., as an individual and on behalf of his minor daughter and son,
VINCENT JAMES GRANDI, II, as an individual,
MARIA L. GRANDI, as an individual,
VANESSA L. GRANDI, a minor,
MATTHEW L. GRANDI, a minor,
DONNA NIKANDER, as an individual, and
OLLIE NIKANDER, as an individual

    Plaintiffs,

v.

MARION CAMDEN, Psy.D., as an individual and in professional capacity as a custody evaluator,
ANNE FLANIGAN, Psy.D., as an individual and in professional capacity as a treating psychologist,
ERIN McCARTHY, a/k/a GRANDI, a/k/a POIRIER, as an individual, and
GERRY POIRIER, as an individual,

    Defendants.

## ORDER

**Blackburn, J.**

    On October 4, 2005, I issued an order [#44] directing plaintiffs' counsel to show cause why he should not be sanctioned for ostensibly filing this lawsuit in violation of Rule 11(b)(2). Counsel has responded. Based on his response, I find that counsel did not have an objective good faith belief that this lawsuit was warranted by existing law or a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law, and therefore impose sanctions.

Rule 11 provides, in relevant part, that,

> By presenting to the court . . . a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, –
>
> . . . .
>
> (2)   the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; . . .

**FED.R.CIV.P.** 11(b)(2).  A finding of bad faith is not necessary to find a violation of the rule.  ***Colorado Chiropractic Counsel v. Porter Memorial Hospital***, 650 F.Supp. 231, 237 (D. Colo. 1986).  The standard applied is one of objective reasonableness, and counsel's good faith belief in the soundness of his position is inadequate to shield him from liability.  ***White v. General Motors Corp.***, 908 F.2d 675, 680 (10th Cir. 1990).

In his response to the show cause order, counsel avers that when his client initially raised the possibility of filing a federal lawsuit based on the awarding of custody of his minor son to the boy's mother, he informed the client that such a lawsuit would be precluded by my ruling in ***Samora v. Fife***, Civil Action No. 04-cv-00994-REB-MJW, a nearly identical case in which counsel also represented a disgruntled parent in a state-court custody proceeding.  However, two days after I issued my order in ***Samora***, the Supreme Court handed down its opinion in ***Exxon Mobil Corp. v. Saudi Basic Industries Corp.***, – U.S. –, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).  Counsel contends that his reading of this decision led him to conclude that the filing of this

2

lawsuit was warranted despite my ruling in **Samora**.[1]

As I noted in my order granting defendants' motions to dismiss, I do not believe **Exxon Mobil** wrought a revolutionary change in the scope or application of the **Rooker-Feldman** doctrine.  Instead, the decision merely clarified the types of cases to which the doctrine is and is not applicable.  More specifically, **Exxon Mobil** disavowed the use of the **Rooker-Feldman** doctrine to dismiss a federal suit simply because a parallel state court proceeding concludes in judgment first.  **Id**., 125 S.Ct. at 1526. Nevertheless, counsel argues that he believed the facts of this case brought it within the class of cases carved out from the **Rooker-Feldman** doctrine by **Exxon Mobil** because the on-going nature of the matrimonial proceeding arguably rendered it a parallel state court proceeding.  In addition, counsel avers that he believed **Rooker-Feldman** to be inapplicable in this case because the state court's permanent orders ultimately awarded him custody of his son during the school year.[2]

Although this is a more detailed explanation of counsel's reasoning than that evident in his response to the motions to dismiss, I still find his argument "thoroughly contrived and unconvincing."  (Order Re: Motions to Dismiss and Order to Show Cause at 5 [#44], filed October 4, 2005.)  The fact that the state court retains jurisdiction to

---

[1] Counsel refers also to several other cases that he consulted before filing this suit, but none has to do with the applicability of the **Rooker-Feldman** doctrine.

[2] To further justify his decision to file suit, counsel also cites to plaintiff Vincent Grandi's absence from the January 27, 2004, hearing at which it was determined that the minor child should reside temporarily with his mother, as well as generally averring to the allegations of the complaint.  As to the former, other than creating a factual distinction from **Samora**, it is not clear how this fact is at all relevant to counsel's reading of **Exxon Mobil** or his calculus in deciding to file this suit.  As to the latter, counsel's general allusion to the facts set forth in the complaint is simply too vague to allow me to parse his reasoning.

monitor and ensure continuing compliance with its permanent orders does not render that case a "parallel" state proceeding in any relevant sense.  Similarly, the fact that Vincent Grandi ultimately "won" custody of his son is irrelevant.  Although it is true that ***Rooker-Feldman*** applies to "cases brought by state-court losers," ***Exxon Mobil***, 125 S.Ct. at 1521, the fact remains that the ruling plaintiff sought to challenge was one that he clearly lost.  These arguments are so weak and attenuated that I do not believe any objective, reasonable attorney could have thought them sufficient to either distinguish this case from ***Samora*** or otherwise bring it outside the ***Rooker-Feldman*** doctrine.  In short, I find that counsel has not presented a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law, and therefore, he has violated Rule 11(b)(2) in bringing this lawsuit.

"The language of Rule 11 imposes an affirmative duty on judges to impose sanctions when the rule has been violated." ***Colorado Chiropractic Counsel***, 650 F.Supp. at 237.  Although I have wide discretion in determining an appropriate sanction, any sanction imposed should be "limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." **FED.R.CIV.P.** 11(c)(2).  Appropriate sanctions may include nonmonetary directives, penalties, or an award of "some or all of the reasonable  attorney's fees and other expenses incurred as a direct result of the violation." ***Id***.

Given the totality of the circumstances, I do not find monetary penalties to be an appropriate sanction in this case.  Rather, the proper sanction in this case is to require counsel to educate himself on the nature and bases of federal jurisdiction.  ***See Curran***

4

*v. Price*, 150 F.R.D. 85, 86 (D. Md. 1993) ("The proper purpose of a non-monetary penalty should be to educate, especially . . . where the attorney fails to grasp the issue even after it has been explained to him by the Court."). Imposing a sanction of requiring offending counsel to attend continuing legal education (CLE) courses on topics closely related to the violation found is not uncommon. *See, e.g.*, *Bergeron v. Northwest Publications*, 165 F.R.D. 518, 522 (D. Minn. 1996) (citing cases); *Bullard v. Chrysler Corp.*, 925 F.Supp. 1180, 1191 (E.D. Tex. 1996); *Martin v. Brown*, 151 F.R.D. 580, 596  (W.D. Pa. 1993);  *Curran*, 150 F.R.D. at 86-87 (citing cases). I find such a sanction both the least severe adequate to address the Rule 11 violation found and the most efficacious in these circumstances.

I, therefore, will order counsel to attend eight hours of CLE instruction focusing on the topic of federal jurisdiction within twelve months of the date of this order. Such instruction must be one which the Colorado Supreme Court approves for CLE credit; however, the eight hours contemplated by this order shall be in addition to all CLE requirements imposed on counsel by the Colorado Supreme Court . Counsel shall submit verified proof of completion of the course to the court on or before the expiration of the twelve-month deadline.

**THEREFORE, IT IS ORDERED** that plaintiffs' counsel, John W. McKendree, **SHALL COMPLETE eight (8) hours** of approved CLE instruction addressing the topic of federal jurisdiction, subject to the above-recited conditions, and **SHALL SUBMIT** verified proof of his completion of such instruction on or before **November 8, 2006**.

Dated November 8, 2005, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge